1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SANTOS GUTIERREZ and BLANCA            Case No.  1:23-cv-01369-JLT-HBK
     MARTINEZ,
12                                          ORDER STRIKING PLAINTIFFS'
                    Plaintiffs,             PLEADING WITHOUT PREJUDICE[1]
13
          v.                                (Doc. No. 10)
14
     HELENA AGRI-ENTERPRISES, LLC,
15
                    Defendant.
16

17

18          Pending before the Court is Plaintiffs' filing entitled "Doe Amendment to Complaint"

19   which the Court construes as a purported first amended complaint.  (Doc. No. 10, "FAC").  In

20   response to Plaintiff's filing, Defendant filed "Objections" asserting that Plaintiffs' FAC is

21   procedurally improper because it fails to comply with Federal Rule of Civil Procedure 15 and

22   Local Rule 220.  (*See* Doc. No. 12).  For the reasons discussed below, the Court strikes the

23   purported FAC without prejudice as procedurally improper.

24                          **PROCEDURAL HISTORY**

25          Plaintiff initiated this action in Fresno County Superior Court on April 20, 2023, alleging

26   claims against Defendant Helena Agri-Enterprises, LLC and Does 1-50.  (Doc. No. 2 at 4 ¶ 12,

27   ─────────────────────

28   [1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302
     (E.D. Cal. 2023).

10).  Therein, Plaintiff alleges that "The true name and capacity of Helena's truck driver Tomas, are unknown to Plaintiffs, who therefore will ask leave to amend this complaint to show his true name and capacity when ascertained." (*Id*., ¶ 12).  Defendant filed an Answer in state court on September 18, 2023, and removed the action to this Court on the same day.  (*Id*. ¶ 14).

On December 14, 2023, contrary to seeking leave to amend the Complaint, nearly three months after Defendant filed their Answer, Plaintiffs filed their "Doe Amendment to Complaint." (Doc. No. 10).  The pleading states that Plaintiffs "have since ascertained" the last name of a Defendant identified only by first name in the original complaint, and now seek to substitute the individual's full name in their Complaint.  (*Id*. at 1-2).  The brief pleading does not otherwise contain the elements of an amended complaint, including allegations of fact.  (*See generally id*.).  On December 22, 2023, Defendant filed Objections to the FAC, asserting that the filing was improper under Fed. R. Civ. P. 15 because Plaintiffs had not obtained consent to file an amended complaint, and it was not complete, and freestanding as required by Local Rule 220.  (Doc. No. 12 at 2).  Plaintiff filed no response to the Objections.

**APPLICABLE LAW**

### A.  Substitutions under Rule 25

Parties that may be substituted are identified under Rule 25.  See F.R. C. P. 25(a)-(d).  The Rule does provide for substitutions of "John Does." *Id*.

### B.  Amendment Under Rule 15(a) and Local Rule 220

Under Rule 15, a party "may amend its filing once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).

Outside of the time frame set forth above, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave to amend generally is inappropriate where the plaintiff has not indicated how it would make the complaint viable, either by submitting a proposed amendment or indicating somewhere in its court filings what an amended

2

1  complaint would have contained.  *Wolgin v. Simon,* 722 F.2d 389, 394–95 (8th Cir. 1983).

2        Under Local Rule 220,

3            Unless prior approval to the contrary is obtained from the Court,
   every pleading to which an amendment or supplement is permitted
4            as a matter of right or has been allowed by court order shall be
   retyped and filed so that it is complete in itself without reference to
5            the prior or superseded pleading. No pleading shall be deemed
   amended or supplemented until this Rule has been complied with.
6

7  E.D. Cal. R. 220.  *See also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542,

8  1546 (9th Cir. 1989) (An amended complaint supersedes (replaces) the original complaint and,

9  thus, the amended complaint must be free-standing and complete).

10                           **ANALYSIS**

11        Here, Plaintiffs filed their pleading entitled "Doe Amendment to Complaint" on

12  December 14, 2023.  Although not titled as a First Amended Complaint, Plaintiffs seek to amend

13  their Complaint to substitute the Doe Defendant.  Thus, the Court construes the pleading as a

14  purported first amended complaint.[2]  Because Defendant filed an answer to Plaintiffs' initial

15  Complaint on September 18, 2023, Plaintiffs' deadline to amend their Complaint as of right under

16  Rule 15(a)(1) was October 9, 2023.  *See* Fed. R. Civ. P. 15(a)(1).  After that, Plaintiffs were

17  required to either obtain (1) Defendant's written consent or (2) the court's leave.  Fed. R. Civ. P.

18  15(a)(2).  It is uncontested that here Plaintiffs did neither.  "When a party files an amended

19  complaint without the right to do so, it is properly stricken by the Court." *Wilkins v. Macober*,

20  No. 2:16-cv-0475, 2022 WL 18027822, at *2 (E.D. Cal. Dec. 30, 2022); *see Hardin v. Wal-Mart*

21  *Stores, Inc.*, 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (striking fourth amended complaint: "If

22  an amended pleading cannot be made as of right and is filed without leave of court or consent of

23  the opposing party, the amended pleading is a nullity and without legal effect"); *Sexton v. Spirit*

24  *Airlines, Inc.*, No. 2:21-cv-00898, 2022 WL 976914 (E.D. Cal. Mar. 31, 2022) (striking amended

25

26  [2] A motion's "nomenclature is not controlling."  *Miller v. Transamerican Press, Inc*., 709 F.2d 524, 527
   (9th Cir. 1983) (quoting *Sea Ranch Ass'n v. Cal. Coastal Zone Conservation Comm'ns*, 537 F.2d 1058,
27  1061 (9th Cir. 1976)).  Instead, we "construe [the motion], however styled, to be the type proper for the
   relief requested." *Id*.
28

1    complaint); *Guthrie v. Hurwitz*, No. 1:18-cv-00292, 2018 WL 4005261, at *1 (E.D. Cal. Aug. 20,
2    2018) (striking amended complaint).

3         Thus, the Court finds that Plaintiffs FAC is not procedurally proper.  Moreover, the FAC
4    is not complete on its face, and thus fails to comply with Local Rule 220.  If Plaintiffs wish to
5    amend their complaint, they must do so in compliance with Fed. R. Civ. P. 15 and Local Rule
6    220.

7         Accordingly, it is **ORDERED:**

8    The Court directs the Clerk of Court to **STRIKE** Plaintiff's purported first amended
9    complaint titled "Doe Amendment to Complaint."  (Doc. No. 10).

10

11   Dated:    January 12, 2024

12                                              HELENA M. BARCH-KUCHTA
                                                UNITED STATES MAGISTRATE JUDGE
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                   4