UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS GUTIERREZ and BLANCA MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>HELENA AGRI-ENTERPRISES, LLC and DOES 1-50,<br><br>Defendants. | Case No. 1:23-cv-01369-JLT-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PLAINTIFFS' MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND REMAND CASE DUE TO LACK OF SUBJECT MATTER JURISDICTION[1]<br><br>(Doc. No. 15)<br><br>14-DAY OBJECTION PERIOD |

Pending before the Court is Plaintiffs' Motion for Leave to file a First Amended Complaint. (Doc. No. 15, "Motion to Amend"). Plaintiffs accompany the Motion with a copy of their proposed unsigned First Amended Complaint identified as "Exhibit 2" to counsel's Declaration. (Doc. No. 15-1 at 14-21). Defendant Helena Agri-Enterprises, LLC filed an Opposition (Doc. No. 17), and Plaintiffs filed a Reply (Doc. No. 19). For the reasons discussed below, the Court recommends the District Court grant Plaintiffs' Motion to Amend, adding Tomas Rodriguez Nieto as a Defendant, and remand the case to state court pursuant to 28 U.S.C.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023). While the granting of a motion to amend a complaint is a pretrial procedural matter, given that the granting of the First Amended Complaint in the instant action results in destruction of diversity and *ipso facto* remand, the undersigned has elected to address the Motion by way of a Findings and Recommendation.

§ 1447(c).

**BACKGROUND**

Plaintiff initiated this action in Fresno County Superior Court on April 20, 2023, alleging claims against Defendant Helena Agri-Enterprises, LLC ("Helena") and Does 1-50. (Doc. No. 2 at 4 ¶ 12, 10). Helena filed an Answer in state court on September 18, 2023, and removed the action to this Court on the same day on diversity grounds. (*Id*. ¶ 14, 2-3 ¶¶ 2-6).

Plaintiffs' Complaint alleges that on or about September 6, 2021, Plaintiff Santos Gutierrez was removing irrigation hoses from mandarin fields owned by his employer, Dresick Farms Inc. (*Id*. at 13 ¶ 10). Plaintiff was operating an ATV on Dresick property when he was struck and injured by a truck going approximately 40-45 miles per hour, driven by an employee of Helena named "Tomas" who was drunk and operating a cell phone. (*Id*. ¶ 11). The Complaint asserts causes of action against Helena and Does 1-50 for Negligence, Negligent Entrustment, and Loss of Consortium on behalf of Plaintiff Gutierrez's wife, Blanca Martinez. (*See* Doc. No. 2 at 11-18). The Complaint states "[t]he true name and capacity of Helena's truck driver Tomas, are unknown to Plaintiffs, who therefore will ask leave to amend this compliant [sic] to show his true name and capacity when ascertained." (*Id*. ¶ 12).

In the Answer to Plaintiffs' Complaint, Defendant, citing California Code of Civil Procedure § 431.30 "denies, generally and specifically, each and every allegation of Plaintiffs' Complaint in its entirety . . ." (*Id*. at 28). Defendant's Answer also asserts fifteen specific affirmative defenses including the affirmative defense of failure to join indispensable parties. (*Id*. at 31).

On December 14, 2023, Plaintiffs filed a pleading titled "Doe Amendment to Complaint" seeking to amend the initial Complaint and provide the full name of the individual previously identified only as "Tomas." (Doc. No. 10). On January 16, 2024, the Court granted Defendant's construed Motion to Strike the Doe Amendment under Rule 12 and Rule 15 because Plaintiffs had not obtained consent to file an amended complaint, and because the proposed amended complaint was not complete, and freestanding on its face as required by Local Rule 220. (*See* Doc. No. 14).

On January 17, 2024, Plaintiffs filed the instant Motion to Amend, which is accompanied by a proposed First Amended Complaint naming Tomas Rodriguez as a Defendant.[2] (Doc. Nos. 15, 15-1). While neither Plaintiffs nor Defendant specifically allege any facts as to Nieto's citizenship, Defendant's Opposition brief states that "add[ing] . . . Helena's driver Nieto . . . would destroy subject matter jurisdiction and require remand." (Doc. No. 17 at 4). Both parties appear to agree that Nieto is a California citizen, and his addition to this action would destroy the present diversity of citizenship between the parties. (*See generally* Doc. Nos. 17, 19). The Court accepts the Parties' representations of Nieto's citizenship and assumes that adding him as a Defendant would divest this Court of subject matter jurisdiction.

## APPLICABLE LAW AND ANALYSIS

**A. Legal Standard**

As an initial matter, the Parties disagree as to whether Plaintiffs' Motion to Amend is governed by Rule 15(a)(2) or 28 U.S.C. § 1447(e). The Court finds § 1447(e) the appropriate standard for considering whether Plaintiffs should be permitted to amend their complaint to add a non-diverse party under Rule 15(a). *See McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014).

Generally, leave to amend a complaint must be "freely given" absent "any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment" or other similar showings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* Fed. R. Civ. P. 15(a)(2). However, where a proposed amendment would add a non-diverse party after removal—thereby precluding existing, diversity jurisdiction—there is greater discretion in determining whether to allow the amendment. 28 U.S.C. § 1447(e); *see also Newcombe v. Adolf Coors Co.*, 157 F.3d

---

[2] Plaintiffs name Tomas Rodriguez as the newly added defendant throughout their Motion and in their proposed First Amended Complaint. (*See generally* Doc. Nos. 15, 15-1). In their Opposition, Defendants refer to the defendant as Tomas Rodriguez Nieto or Nieto (Doc. No. 17 at 1) and their Reply, Plaintiffs also acknowledge Defendant's full name as Tomas Rodriguez Nieto. (Doc. No. 19 at 6). For clarity purposes, the Court refers to the defendant as Tomas or Nieto.

686, 691 (9th Cir. 1998).

Section 1447(e) provides: "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Under § 1447(e), a district court has two options. *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004). It may deny joinder and retain diversity jurisdiction in the case. Alternatively, it may permit joinder; however, if joinder is permitted, the case must be remanded to state court. *Id*.

Section 1447(e) does not state the factors to be considered when deciding whether joinder should be permitted or denied. However, courts generally consider the following factors: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendant in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff. *IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

**B. Parties Positions**

1. Plaintiff's Motion

Plaintiffs assert in their moving brief that under Rule 15(a)(2) the Motion to Amend should be granted. The initial Complaint stated their intention to amend their pleading once they ascertained Tomas' full name, and they have done so with minimal delay. (Doc. No. 15 at 3). Thus, they assert there is no bad faith or undue delay. (*Id*.). Second, they assert the proposed amendment does not prejudice Helena because the company was on notice of Plaintiffs' intention to name Tomas from the inception of this action. (*Id*. at 4). Third, Plaintiffs contend that amendment would not be futile because adding Tomas' full name does not make the action subject to dismissal. (*Id*.). And because Plaintiffs have not previously amended the Complaint,

4

there is no basis to find they should be denied the opportunity to amend due to repeated failures to cure. (*Id*.).

   2. Helena's Opposition

Defendant, meanwhile, asserts that the appropriate standard for reviewing Plaintiff's Motion is 28 U.S.C. § 1447(e) and that Plaintiffs' failure to justify their Motion under the correct standard alone warrants denying the Motion. (Doc. No. 17 at 4). Further, Defendants contend that Plaintiffs' sole reason for joining Rodriguez is to destroy diversity and obtain remand to state court. (*Id*.). They state that Plaintiffs previously "believed they could obtain remand by arguing the case was nonremovable because arising under workers' compensation laws." (*Id*.). Only after Defendant "debunked" this theory did Plaintiffs "move on to trying to add an unnecessary defendant" i.e., Nieto. (*Id*.). Defendant states that it obtained a photo of Plaintiff Gutierrez's driver's license at the scene of the accident and "has every reason to believe" that Plaintiff obtained Nieto's information at the scene but nevertheless delayed naming him as a Defendant. (*Id*.).

As to the 1447(e) factors, Defendant argues virtually all of them weigh against granting Plaintiffs' Motion. First, they contend that Nieto is not a necessary party because "Plaintiffs allege that Nieto was [acting] in the course and scope of his employment at the time of the accident, and do not seek to bring any claims against Nieto that are outside the alleged vicarious liability of Helena as Nieto's employer." (*Id*. at 5). Second, Helena argues that Plaintiffs' "unexplained, and unjustified, delay in seeking joinder" weighs against the Motion. (*Id*.). Third, because the "proposed joinder is intended solely to defeat jurisdiction" the Motion should be denied. (*Id*.). Fourth, Helena asserts that "Plaintiffs will not be prejudiced if joinder is denied because Plaintiffs' proposed claims against Nieto are claims on which Helena will be vicariously liable if Plaintiffs prevail"; moreover, they note that Nieto "is still subject to being subpoenaed as a witness per Federal Rule of Civil Procedure Rule 45." (*Id*.). As to the fifth factor, Helena acknowledges that the statute of limitations has run on Plaintiffs' proposed claims against Nieto, which would thus be barred if brought separately in state court. (*Id*.). However, Helena contends this factor is neutral because "Plaintiffs do not seek to assert any claims or request any relief that

is unattainable from Helena based on their current allegations." (*Id.*).

### 3. Plaintiff's Reply

In their Reply, Plaintiffs reject Defendant's analysis of the 1447(e) factors and assert that each favors granting the Motion.

#### a. Necessary Party

As to Defendant's argument that Rodriguez is not a necessary party to this action, Plaintiffs note that Helena's Answer categorically denies every factual assertion in the Complaint, including the allegations that Nieto is Helena's employee and was acting in the scope of his employment; thus, Plaintiffs assert they were required to name Nieto as a Defendant. (*Id.*). Second, Helena's Eleventh Affirmative Defense asserts that "Plaintiffs have failed to join indispensable parties." Plaintiffs infer this is as a reference to the driver of the truck that struck Plaintiff Gutierrez, and thus Helena's own Answer implies that Nieto is an indispensable party. (*Id.*).

Finally, Plaintiffs intend to seek punitive damages based on Nieto allegedly injuring Gutierrez while driving under the influence. (*Id.* at 5). They acknowledge they may be unable to meet the requirements to seek punitive damages against Helena under a *respondeat superior* theory. Thus, naming Nieto as a Defendant is necessary for Plaintiffs to preserve all available avenues for obtaining punitive damages. (*Id.*).

#### b. Delay in Seeking Joinder

Plaintiffs dispute Defendant's assertion that they intentionally delayed identifying Nieto. Plaintiffs note that Defendant's belief that Plaintiff Gutierrez obtained Nieto's information at the scene of the September 6, 2021 accident is pure speculation, asserted "on information and belief" by Defense counsel, and should therefore be disregarded. (*Id.* at 5-6). Rather, Plaintiffs assert they "acted promptly" to file a Motion to Amend just one week after receiving Nieto's full name through Helena's Rule 26 disclosure on December 7, 2023. (*Id.* at 6). Thus, Plaintiffs contend they did not delay in seeking to join Nieto to this action.

#### c. Whether Joinder is Being Used Solely to Defeat Jurisdiction

Plaintiffs dispute Defendant's claim that they are using joinder solely to defeat

1  jurisdiction. Plaintiffs assert that two cases referenced in Defendant's Opposition in fact support
2  their Motion. First, in *IBC Aviation Services*, the court granted a motion to add a new non-
3  diverse defendant after removal, even though the party was known to plaintiff prior to removal.
4  (*See* Doc. No. 19 at 7) (citing *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A.
5  de C.V.*, 125 F.Supp.2d 1008 (N.D. Cal. 2000). Meanwhile, here, Plaintiffs did not know Nieto's
6  full name prior to removal, making an inference of improper motive or gamesmanship far weaker.
7  Thus, under *IBC Aviation*, Plaintiffs contend, their Motion should be granted.

8  Next, Plaintiffs cite *Desert Empire Bank*, which noted that "a trial court should look with
9  particular care at . . . motive in removal cases, when the presence of a new defendant will defeat
10  the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire
11  Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980). In that case, the Ninth Circuit
12  ultimately found no evidence of improper motive, given that the trial court had encouraged
13  plaintiff to add the non-diverse defendant, and had referred to him in a hearing as "an
14  indispensable party." *Id.* Plaintiffs contend that Nieto is an indispensable party given that he
15  allegedly caused the injury giving rise to the claims Plaintiffs assert. (Doc. No. 19 at 7-8). Thus,
16  he is not a "tangential" party being joined merely to defeat federal jurisdiction; rather, he is "at
17  the very center" of the dispute in this case. (*Id.* at 8).

18        d.  <u>Prejudice</u>
19  Plaintiffs contend that denial of the Motion will prejudice them greatly, for the reasons set
20  forth in their brief—Nieto is essential to the claims in this suit and thus Plaintiffs may be unable
21  to obtain full relief without joining him as a Defendant. (*Id.*).

22        e.  <u>Statute of Limitations</u>
23  Finally, Plaintiffs point out that, because the incident in question took place on September
24  6, 2021, their claims against Nieto would be barred by the two-year statute of limitations for
25  personal injury actions if forced to file as a separate case. (*Id.* at 9). Thus, this factor weighs in
26  favor of granting the Motion.

27  **C. Analysis**
28  The Court addresses each of the factors in seriatim and concludes that that leave to amend

7

should be granted.[3]

### 1. Whether Rodriguez is Needed for Just Adjudication

Rule 19(a) provides that joinder is required if, in the absence of the person, "the court cannot accord complete relief among existing parties" or if that person "claims an interest relating to the subject of the action and is so situated" that proceeding without the person would "impair the person's ability to protect the interest" or would "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). In sum, a party is necessary under Rule 19(a) if a "failure to join will lead to separate and redundant actions." *Aqua Connect, Inc. v. Code Rebel, LLC*, 2012 WL 1535769, at *2 (C.D. Cal. Apr. 27, 2012).

Joinder of a person is not required, however, if it would destroy subject matter jurisdiction under Fed. R. Civ. P. 19(a). *Lopez v. Gen. Motors Corp.*, 697 F.2d 1328, 1332 (9th Cir. 1983); *IBC Aviation*, 125 F.Supp.2d at 1012. Moreover, joinder pursuant to § 1447(e) is not appropriate if the non-diverse defendant whose joinder is sought is only "tangentially related to the cause of action or would not prevent complete relief." *IBC Aviation*, 125 F.Supp.2d at 1012. Further, under § 1447(e), a court has discretion to deny joinder of a party "whose identity was ascertainable and thus could have been named in the first complaint." *Boon v. Allstate Ins. Co.*, 229 F.Supp.2d 1016, 1023 (C.D. Cal. 2002).

In *IBC Aviation*, the court found that a diversity-destroying amendment to the complaint was proper because the newly added defendant, the vice president of one of the corporate defendants, was the principal person responsible for the acts underlying the plaintiff's claim against the corporate defendants. 125 F.Supp.2d at 1012. The court reasoned that "[d]isallowing the amendment would hinder [plaintiff] from asserting its rights against the employee directly involved in the alleged breach . . . and related causes of action." *Id*.

Here, Tomas Rodriguez Nieto is similarly central to the claims at issue in Plaintiffs' suit. Nieto's conduct is the primary basis for at least two of Plaintiffs' causes of action—negligence and loss of consortium—and, with respect to these tort claims, Nieto could be jointly and

---

[3] The Court addresses each of the factors in the order they are listed in *IBC Aviation*.

severally liable with Helena. *See, e.g., Frances T. v. Village Green Owners Ass'n*, 42 Cal.3d 490, 505 (1986) ("any . . . employee . . . individually owe[s] a duty of care, independent of the corporate entity's own duty, to refrain from acting in a manner that creates an unreasonable risk of personal injury to third parties."). Thus, the Court finds that Nieto's actions bear much more than a tangential relationship to several of Plaintiff's causes of action. Accordingly, the Court finds that the first factor favors allowing Plaintiff's amendment.

### 2. Statute of Limitations

As conceded by both parties, any individual claim against Nieto in state court would be barred by the two-year statute of limitations for personal injury actions. Defendant claims this factor is neutral because Plaintiffs "do not need to sue Nieto individually to obtain complete relief." (Doc. No. 17 at 13). They cite to *Hardin v. Wal-Mart Stores*, 813 F.Supp.2d 1167, 1174 (E.D. Cal. 2011), aff'd in part, 604 F. App'x 545 (9th Cir. 2015), where the court denied joinder of a non-diverse defendant for several reasons, including because "there is no danger that Plaintiff would receive incomplete relief if he were only permitted to pursue his claim against Defendant." *Hardin*, 813 F. Supp. 2d at 1174. In *Hardin*, however, the existing defendant, Wal-Mart Stores, did not deny that the proposed non-diverse defendant was an employee or acting within the scope of his employment. By contrast here, Defendant's Answer denies any such relationship. Consequently, it is quite possible that Plaintiffs will fail to establish respondeat superior liability against Helena and thus Plaintiffs will be unable to "obtain complete relief" by naming only Helena. Thus, this factor weighs in favor of joining Nieto.

### 3. Unexplained Delay

While more than two years elapsed between the events giving rise to this action and Plaintiffs' Motion to Amend, there is no evidence that Plaintiffs intentionally delayed adding Nieto as a Defendant. Plaintiffs identified Nieto by his first name in the April 20, 2023 Complaint and filed their initial Motion to Amend one week after obtaining Nieto's full name through Rule 26(c) discovery on December 7, 2023. (Doc. No. 19 at 6). The Court finds no reason to believe Plaintiffs were in possession of Nieto's full name but withheld naming him out of some improper motive and Defendant's claim to the contrary is pure speculation. Thus, the

Court finds no evidence of undue delay.

#### 4. Whether Joinder is Intended Solely to Destroy Federal Jurisdiction

Consideration of the fourth and fifth *IBC Aviation* factors[4] are intertwined; "an assessment as to the strength of the claims against the proposed new Defendant[] bears directly on whether joinder is sought solely to divest this Court of jurisdiction." *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 608 (S.D. Cal. 2014). As set forth above, Plaintiffs' claims against Nieto are central to this action and the facts reflect a strong case against Nieto in his individual capacity. Plaintiffs' intention to name Nieto as a defendant has been clear since the initial Complaint in April 2023. Thus, Defendant's contention that he is now being named only to defeat jurisdiction is belied by the facts and procedural history of this case. This factor weighs in favor of granting the Motion.

#### 5. Whether Denial of Joinder Will Prejudice Plaintiffs

As discussed above, denial of joinder will prejudice Plaintiffs primarily because any claims against Nieto brought in a separate action are now barred by the applicable statute of limitations. And because the Court is not persuaded that Plaintiffs can obtain complete relief from Helena alone, denying joinder would deny Plaintiffs the possibility of complete relief in this case. This factor weighs in favor of granting the Motion.

### D. Remand is Required

This action was filed in Fresno Superior Court and removed by Defendant on the ground of diversity. (Doc. No. 1). Title 28 U.S.C. § 1332(a), in relevant part, provides that federal district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between – (1) citizens of different States." Diversity jurisdiction requires complete diversity of citizenship, *i.e.*, that every plaintiff be a citizen of a different state from every defendant. *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, 117 S.Ct. 467, 136 L. E. 2d 437 (1996)). "Courts have an independent obligation to determine

---

[4] The fifth *IBC Aviation* factor asks whether the claims against the new defendant appear valid. *IBC Aviation*, 125 F. Supp. 2d at 1011.

whether subject-matter jurisdiction exists" *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Because the general removal statute, 28 U.S.C.§ 1441, is "strictly construed" "[i]f a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court." *Hansen v. Grp. Health Coop*., 902 F.3d 1051, 1056 (9th Cir. 2018) (citations omitted).

If this district court finds Plaintiffs' First Amended Complaint proper, the joinder of Nieto will destroy diversity. Because there is less than a preponderance of evidence that diversity is complete, this case must be remanded if the Court permits Plaintiff to file his proposed First Amended Complaint.

## FINDINGS AND RECOMMENDATIONS

Because adding the proposed defendant, Tomas Rodriguez Nieto, would destroy federal subject matter jurisdiction over this case, the Court reviewed Plaintiff's Motion to Amend under 28 U.S.C. § 1447(e) rather than applying the liberal amendment Rule of 15(a)(2). *Bakshi v. Bayer Healthcare, LLC*, 2007 WL 1232049, at *2 (N.D. Cal. Apr. 26, 2007). In examining the five factors, courts typically consider under 1447(e), the Court finds that each one weighs in favor of granting Plaintiffs' Motion to Amend. Nieto's conduct gave rise to at least two of the causes of action identified in Plaintiffs' Complaint and he is central to the claims at issue in this case. Because the five factors support joinder, the undersigned recommends the District Court grant Plaintiff's Motion and after the filing of the First Amended Complaint order the case remanded to Fresno County Superior Court.

Accordingly, it is hereby **RECOMMENDED:**

1. Plaintiffs' Motion to Amend (Doc. No. 15) be **GRANTED** and Plaintiff be directed to file a signed copy of the proposed First Amended Complaint.[5]
2. Upon the filing of Plaintiffs' First Amended Complaint, this case be remanded to Fresno County Superior Court pursuant to 28 U.S.C. § 1447(c) because the district court lacks jurisdiction.

---

[5] Because the proposed First Amended Complaint is unsigned, the Clerk cannot be directed to file the proposed First Amended Complaint as the operative pleading.

11

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id.*; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The assigned District Judge will review these Findings and Recommendations under 28 U.S.C. § 636(b)(1)(C). A party's failure to file objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated: February 23, 2024

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE