**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANTOS GUTIERREZ and BLANCA MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>HELENA AGRI-ENTERPRISES, LLC, dba HELENA AGRI-CHEMICAL COMPANY, et al.,<br><br>Defendants. | Case No. 1:23-cv-1369 JLT HBK<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS AND GRANTING PLAINTIFFS' MOTION TO AMEND<br><br>(Docs. 15, 20)<br><br>ORDER DIRECTING PLAINTIFF TO FILE THE SIGNED AMENDED COMPLAINT WITHIN TWO DAYS OF THE DATE OF SERVICE, AT WHICH TIME THE MATTER SHALL BE REMANDED TO FRESNO COUNTY SUPERIOR COURT |

Santos Gutierrez and Blanca Martinez assert that a vehicle operated by Tomas Rodriguez Nieto[1], whom Plaintiffs contend was an employee of Helena Agri-Enterprises, struck Gutierrez while he was operating an ATV. (*See* Doc. 2 at 13, ¶¶ 11-12; Doc. 15 at 2.) Plaintiffs filed their complaint against Helena and unnamed "Doe" defendants in Fresno County Superior Court. (Doc. 2 at 11.) Helena filed a notice of removal, asserting this Court has diversity jurisdiction. (Doc. 1 at 1.) After learning the full name of the vehicle operator, Plaintiffs moved to amend the complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure, to add Rodriguez Nieto as a defendant. (Doc. 15.) Defendant opposed the motion, asserting amendment is improper under

---

[1] Plaintiffs name Tomas Rodriguez as the newly added defendant throughout their Motion and in the proposed amended complaint. However, Helena indicates his full name is Tomas Rodriguez Nieto. (Doc. 17 at 1.) In the reply, Plaintiffs recognize his full correct name is Tomas Rodriguez Nieto. (Doc. 19 at 6.)

1

28 U.S.C § 1447(e), because it will destroy this Court's diversity jurisdiction.  (Doc. 17.)  For the reasons set forth below, the Court adopts the magistrate judge's Findings and Recommendations and the motion to amend is granted.

I.      **Relevant Background**

In the initial complaint, Plaintiffs alleged: "On or about September 6, 2021, Helena's truck driver Tomas, an employee of Helena Agri-Enterprises, LLC dba Helena Chemical Company while in the course and scope of his employment was driving off road, on an asphalt road within the Dresick mandarin fields … while intoxicated and on the phone and crashed into Plaintiff Santos Gutierrez['s] ATV." (Doc. 2 at 13, ¶ 11 [emphasis omitted].)  Plaintiffs asserted, "The true name and capacity of Helena's truck driver Tomas[] are unknown to Plaintiffs, who will therefore ask leave to amend this [complaint] to show his true name and capacity when ascertained." (*Id.*, ¶ 12.)  Plaintiffs stated claims for negligence, negligent entrustment, and loss of consortium against Helena and "Doe" defendants.  (*Id.* at 12-17.)

Helena filed an answer in which the company denied "each and every allegation of Plaintiffs' complaint" (Doc. 2 at 28), which includes the allegations that Rodriguez Nieto was an employee of Helena and acting in the scope of his employment.  In addition, Helena raised as an affirmative defense that Plaintiffs "failed to join indispensable parties." (*Id.* at 31.)  Helena removed the action on September 18, 2013, invoking this Court's diversity jurisdiction.  (Doc. 1.)

On December 7, 2023, with Helena's initial disclosures, Plaintiffs learned that the full name of the truck driver is Tomas Rodriguez Nieto.  (Docs. 19 at 6.)  On December 17, 2023, Plaintiffs attempted to substitute Tomas Rodriguez Nieto as "Doe 1" with an amended complaint. (*See* Doc. 10.)  However, the Court struck the pleading without prejudice as procedurally improper.  (Doc. 14.)  The following day, Plaintiffs filed the motion to amend that is now pending before the Court. (Doc. 15.)

II.     **Findings and Recommendations**

As an initial matter, the magistrate judge found Plaintiffs' motion to amend was governed by 28 U.S.C. § 1447(e) rather than Rule 15 of the Federal Rules of Civil Procedure, due to the request to add a non-diverse defendant.  (Doc. 20 at 3, citing *Grath v. Home Depot USA, Inc.*, 298

2

F.R.D. 601, 606 (S.D. Cal. 2014).)  The magistrate judge observed that Section 1447(e) does not specify factors for the Court to consider, but the courts have identified six factors:

> (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendant in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

(*Id.*, citing *IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000), *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000).)  The magistrate judge determined these factors weighed in favor of granting leave to amend.  (*Id.* at 8-10.)

The magistrate judge determined that Rodriguez Nieto was a needed party, because he "could be jointly and severally liable" and his "actions bear much more than a tangential relationship to several of [Plaintiffs'] causes of action."  (Doc. 20 at 9.) The magistrate judge found it was undisputed that an individual claim against Rodriguez Nieto would now "be barred by the two-year statute of limitations for personal injury actions."  (*Id.*)  The magistrate judge also found "no evidence that Plaintiffs intentionally delayed" seeking leave to amend, or that amendment was purely to defeat federal jurisdiction because "Plaintiffs' intention to name [the vehicle operator] as a defendant has been clear since the initial Complaint in April 2023."  (*Id.* at 9-10.) Finally, the magistrate judge opined that "denying joinder would deny Plaintiffs the possibility of complete relief in this case," and prejudice Plaintiffs because the statute of limitations bars the claims if brought in a separate action. (*Id.* at 10.)  Accordingly, the magistrate judge recommended the motion to amend be granted, Plaintiff be directed to file a signed amended complaint, and the matter be remanded to Fresno County Superior Court upon filing of the FAC.  (*Id.* at 10-11.)

### III. Objections and Response

Helena filed timely objections to the Findings and Recommendations.  (Doc. 21.)  Helena maintains "the balance of the equities in this case does not favor permitting Plaintiffs to amend

1 their complaint to join Tomas Rodriguez Nieto as a defendant, which will result in remand to
2 state court…." (*Id.* at 2.)  According to Helena, "That Nieto is more than "tangentially related" to
3 Plaintiffs claims does not, by itself, require the Court permit Nieto's joinder." (*Id.* at 3,
4 *Newcombe v. Adolph Coors Co.*, 157 F.3d 686 (9th Cir. 1998).) Helena argues that "the statute of
5 limitations had not run when Plaintiffs filed their original state court complaint, and Plaintiffs'
6 failure to name him at that point is solely their own doing, as they were fully aware of the factual
7 basis of their claims against him at that time and indeed referred to him by his first name in the
8 complaint." (*Id.* at 4, emphasis omitted.)  Further, Helena contends that the "undue delay factor"
9 supports a denial of the motion, because Plaintiffs "apparently made no effort to learn his full
10 name and instead named only Helena in their state court complaint." (*Id.*)  Finally, Helena
11 maintains that Plaintiffs only now seek amendment "because they want remand to state court."
12 (*Id.* at 4-5.)

13 In response, Plaintiffs contend Helena identified "absolutely no new information argument
14 beyond what was offered in their Opposition to Plaintiffs' Motion for Leave to Amend." (Doc.
15 22 at 2.)  Therefore, Plaintiffs request the Court review their prior reply to the opposition, "to
16 address any arguments raised by Defendants in their Objections." (*Id.*)

## IV.     Discussion

A district judge may "accept, reject or modify, in whole or in part, the findings and recommendations..." 28 U.S.C. § 636(b)(1).  If a party files objections, "the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendations to which objection is made." *Id.*  A de novo review requires the Court to "consider[] the matter anew, as if no decision had been rendered." *Dawson v. Marshall*, 561 F.3d 930, 932 (9th Cir. 2009).

### A.     Standard governing the request

As the magistrate judge found, Plaintiffs' motion is properly addressed under 28 U.S.C. § 1447(e), which provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." The Ninth Circuit determined Section 1447(e) "is

couched in permissive terms," leaving amendment after removal to the discretion of the Court. *Newcombe*, 157 F.3d at 691.

**B.    Analysis**

Helena's objections reiterate arguments raised before the magistrate judge, and do not show legal error in the analysis. Though Helena refers to *Newcombe* to support the argument that joinder should not be permitted, the facts now before the Court differ from those considered by the Ninth Circuit. In *Newcombe*, the plaintiff was a former major league player, who asserted that his likeness and identity were used without permission in an advertisement for a beer company. *Id.*, 157 F.3d at 689. The named defendants included the publisher, the advertiser, and the advertised beer company. Newcombe argued "the district court should have granted his motion to remand [the] action to the state court once [the artist's] identity and domicile were divulged, because [his] presence destroyed diversity jurisdiction. *Id.* at 691. The district court found the artist "was not a crucial defendant in this case because Newcombe only sought (1) an injunction, which could only be enforced against the other defendants, and (2) money damages, which could be fully satisfied by the other defendants." *Id.* at 691. In addition, Newcombe "could still proceed separately against [the artist] in state court." *Id.* The Ninth Circuit agreed with these conclusions and found the district court did not abuse its discretion denying remand. *Id.* In contrast to *Newcombe*, Plaintiffs do not seek injunctive relief, or a form of relief that could *only* be enforced against Helena. (*See* Doc. 2 at 17-18; Doc. 15 at 20-21.) In addition, it is undisputed that the statute of limitations bars Plaintiffs from proceeding separately against Rodriguez Nieto in state court. Consequently, the Court finds the facts between the two cases are not analogous, and Helena's reliance upon *Newcombe* is misplaced.

As the magistrate judge determined, Rodriguez Nieto is a necessary party because his actions as the driver of the vehicle that struck Gutierrez are "much more than tangential" to the claims raised by Plaintiffs. *See* Fed. R. Civ. P. 19(a) (providing that joinder is required if "the court cannot accord complete relief among existing parties). Although Helena maintains that Plaintiffs seek to add Rodriguez Nieto as a defendant purely to defeat federal jurisdiction, this assertion is undermined by the record, as Plaintiffs explicitly stated their intent to add the driver

5

as a defendant in the complaint filed in the state court. (*See* Doc. 2 at 13, ¶¶ 11-12.) Notably, there is "a presumption that the Plaintiff's sole purpose [is] not to defeat federal jurisdiction." *See Tillman v. Lowe's Home Centers, LLC*, 2023 WL 5608404, at *2 (S.D. Cal. Aug. 30, 2023) (citing *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007)). Helena's speculation does not overcome this presumption, and this factor does not weigh against granting Plaintiffs' request for leave to amend.

Furthermore, Plaintiffs sought to identify Rodriguez Nieto as one of the fictitious defendants only a week after his identity was disclosed by Helena. Plaintiffs then filed the pending motion only one day after the Court found the amendment was procedurally improper. Thus, Plaintiffs delayed only until the opening of discovery, and immediately requested amendment following learning the identity of Rodriguez Nieto. Under these facts, the Court finds any delay by Plaintiffs does not weigh against joinder. *See Fayek v. Costco Wholesale Corp.*, 2023 WL 2431999, at *3 (C.D. Cal. Mar. 9, 2023) (finding "no unexplained delay" where the motion to amend was filed six months after the defendant removed the action, but the plaintiff only learned the identity of the individual in question "shortly before she filed the present motion").

Finally, Helena does not argue that Plaintiffs' claims against Rodriguez Nieto are not valid. (*See generally* Doc. 17.) Because the claims would be barred by the statute of limitations, Plaintiffs would unquestionably suffer prejudice if Rodriguez Nieto is not joined to the current litigation. *See, e.g., Fayek*, 2023 WL 2431999, a *3-4 (finding that when the plaintiff filed her original complaint within the two-year statute of limitations, but a new claim would be barred by the statute of limitations, the plaintiff "would suffer substantial prejudice if the Court did not permit joinder"). Consequently, these factors also weigh in favor of joinder.

## V.  Conclusion and Order

Pursuant to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the entire matter, including Defendant's objections, this Court concludes the Findings and Recommendations are supported by the record and proper analysis. Because is undisputed that Tomas Rodriguez Nieto is a citizen of California—and the defendants

will no longer be diverse—the Court will lack jurisdiction over this action upon the filing of the proposed amended complaint.  Thus, the Court **ORDERS**:

1. The Findings and Recommendations filed on February 23, 2024 (Doc. 20) are **ADOPTED** in full.
2. Plaintiffs' motion to amend (Doc. 15) is **GRANTED**.
3. Plaintiff **SHALL** file the signed amended complaint, which was previously lodged unsigned, **within two days** of the date of service of this order.
4. Upon the filing of the amended complaint, the matter **SHALL** be remanded to Fresno County Superior Court, because this Court will be divested of jurisdiction.

IT IS SO ORDERED.

Dated:   **September 23, 2024**

UNITED STATES DISTRICT JUDGE